```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| I.K. | : | CIVIL ACTION |
| BY AND THROUGH HIS PARENT | : | |
| AND EDUCATIONAL DECISION | : | |
| MAKER, B.K. | : | |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF | : | |
| HAVERFORD TOWNSHIP | : | NO. 10-4397 |

                            MEMORANDUM

Dalzell, J.                                        March 21, 2011

      Plaintiff I.K., by and through his parent and educational decision maker, B.K., filed this action against the School District of Haverford Township ("Haverford" or "the Township") as an appeal from the June 5, 2010 decision of an administrative hearing officer who denied plaintiff's request to reopen an earlier administrative action, which had been dismissed by a different hearing officer. Am. Compl. ¶ 1, 75. Defendant now moves to dismiss the case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(1), and moves for attorney fees.

I.     **Factual Background**

      Plaintiff identifies the relevant parties as I.K., a seventeen year-old boy who previously received special education

services from Haverford, and B.K., his mother.  B.K. had been dissatisfied for many years with the special educational services provided to her son by the Township.  Plaintiff filed a due process complaint against the Township on June 15, 2009 ("First Administrative Proceeding") asserting claims under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act ("Section 504") (claims he also asserts here).  Am. Compl. ¶ 8, 67.

On July 27, 2009 counsel for both parties notified the Hearing Officer, Daniel Myers, that the case had settled and requested thirty days to finalize the agreement.  Id. ¶ 68. Myers cancelled the hearing and twice notified the parties that he would dismiss the complaint in thirty days.  Defendant's Motion to Dismiss and Motion for Attorney's Fees ("MTD"), Ex. B, C.[1]  Myers dismissed the complaint and closed the case thirty-eight days later -- on September 4, 2009.  He e-mailed his decision to the legal representatives of each party.  Am. Compl. ¶ 69; MTD, Ex. D.  On March 9, 2010 plaintiff filed a second due

---

[1] Although we address a Rule 12(b)(6) motion to dismiss here, we may rely on the documents attached to defendant's motion to dismiss because these documents are integral to plaintiff's amended complaint.  Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

2

process complaint ("Second Administrative Proceeding") seeking to reopen the First Administrative Proceeding and have the complaint in the Second Administrative Proceeding treated as an amended complaint in the First Administrative Proceeding.  Am. Comp. ¶ 1, 74-75, 80-81, Prayer for Relief, ¶ 1.

Dr. Linda Valentini, the Hearing Officer in the Second Administrative Proceeding, described the case thus: "The instant matter concerns the parent's filing a new due process hearing request seeking to reopen a previous special education due process case on the grounds that a prior agreement had not been finalized and that the matter had been improperly dismissed by another hearing officer."  MTD, Ex. A at 1.  The complaint in the Second Administrative Proceeding sought to reopen the First Administrative Proceeding and was styled by Plaintiff as an "amended complaint and motion to reopen."

On June 5, 2010, Valentini upheld Hearing Officer Myers's decision to dismiss the case, determining that he had properly dismissed the case despite the fact that he never received any confirmation that the settlement agreement had been executed.  Am. Comp. ¶ 75.  I.K. filed his appeal of the June 5, 2010 Order in this Court on August 30, 2010.

3

**II. Analysis**

Haverford moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that I.K. did not file this action within the ninety-day statute of limitations period after filing his first due process complaint on June 15, 2009. In the alternative, defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) because I.K. has not exhausted his administrative remedies. Defendant also moves for attorney fees. We will first analyze I.K.'s IDEA claim pursuant to Rule 12(b)(6).

**A. Defendant's Rule 12(b)(6) Motion**

Haverford argues that plaintiff has failed to state a claim upon which relief can be granted because he did not bring his lawsuit until after the ninety-day IDEA statute of limitations had expired. MTD at 5.

To bring a successful claim, a party's factual allegations must raise a right to relief above the speculative level, and a complaint must allege facts suggestive of illegal conduct. Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly). The Supreme Court recently clarified the

Twombly standard in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), where it held that a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." Iqbal, 129 S.Ct. at 1949 (internal quotations omitted). A claim has facial plausibility when the plaintiff pleads facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not as demanding as a "probability requirement," but it does oblige a plaintiff to allege facts sufficient to show that there is more than the mere possibility that a defendant has acted unlawfully. Id. (internal quotations omitted).

The Supreme Court in Iqbal established two principles that now underlie the Rule 12(b)(6) inquiry. First, although a court must accept as true the factual allegations in a complaint, this does not extend to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, a complaint must state a plausible claim for relief to survive a motion to dismiss. Id. at 1950. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." Id. If the well-pleaded facts allege, but do not "show" more than the mere possibility of misconduct, then the pleader is not entitled to relief within the meaning of Rule 8(a)(2). Id.

In deciding a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.'" Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (internal citations omitted).

Haverford contends that because I.K.'s challenge to the dismissal of the First Administrative Proceeding was time-barred after the running of the ninety-day statutory limitation period, neither the Hearing Officer in the Second Administrative Proceeding nor anyone else had the authority to overturn it. MTD at 5.

I.K. argues that if he had filed a civil action within ninety days of Hearing Officer Myers's email dismissing his case due to settlement, instead of seeking to reopen the administrative process to obtain a hearing and a decision on the merits, his claims would have been subject to dismissal for

failure to exhaust his administrative remedies. Mem. of Law in Opp. to Def. Mot. to Dismiss Pl.'s First Amended Complaint ("Pl. Resp.") at 5. I.K. argues that the ninety-day statute of limitations period runs from the date of a decision by a Hearing Officer on the merits, and that Myers's email dismissing his case was not a decision on the merits.[2] Id. at 6. Thus, we must determine whether Hearing Officer Myers's email dismissing I.K.'s case because of the reported settlement constitutes a "decision" for the purposes of calculating the ninety-day statute of limitations under the IDEA.

The IDEA provides a party with a ninety-day statute of limitations for bringing a civil action in federal court. 20 U.S.C. § 1415(i)(2)(A) and (B) ("any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section. . . . The party bringing the action shall have 90 days from the date of the decision of the

---

[2]The Township argues in its sur-reply brief that I.K. is raising this issue for the first time on appeal. Def. Sur-Rep. at unnumbered page 2. While it is true that issues not raised in the lower court are waived and cannot be raised for the first time on appeal, D.Z. v. Bethlehem Area School Dist., 2 A.3d 712, 725 (Pa. Commw. Ct. 2010), we would in any event have had to consider whether the decisions below were final within the meaning of the statute to decide the disposition of this case.

hearing officer to bring such an action."); 34 C.F.R. § 300.516(b) ("[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer"). The ninety-day period runs from the date of the Hearing Officer's decision. 20 U.S.C. § 1415(i)(2)(B); 34 C.F.R. § 300.516(b).

Under the IDEA, the decision of a Hearing Officer "shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." 20 U.S.C. § 1415(f)(3)(E)(i). "Any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency," Id. at § 1415(g)(1), or "shall have the right to bring a civil action. . . in a district court of the United States," provided it is brought within "90 days from the date of the decision of the hearing officer." Id. at § 1415(i)(2)(A) and (B).

The full text of the Hearing Officer's September 4, 2009 email reads,

> This concerns the I K v Haverford Township School District Case. On July 28, 2009, I cancelled the scheduled hearings in this matter and informed the parties that I would dismiss this case in 30 days. I ordered this because the parties reported that they had settled this dispute and needed 30 days to finalize their settlement agreement. Accordingly, 30 days having elapsed, this

8

>   matter is now DISMISSED and considered
>   CLOSED.

MTD, Ex. D. This is not a "decision" within the meaning of 20 U.S.C. § 1415(f)(3)(E)(i) because it has not been made on "substantive grounds." In addition, a settlement agreement does not equate to an adjudication on the merits because "a necessary exploration of the issues [is not] accomplished." Washington v. Cal. Dep't of Educ., No. 10-186, 2010 WL 4157139, at *6 (E.D. Cal. Oct. 19, 2010). Thus, no "decision" within the meaning of that term pursuant to the IDEA had been made, and the ninety-day statute of limitations does not apply to the First Administrative Proceeding Order. We will thus deny defendant's 12(b)(6) motion to dismiss. We will now consider defendant's Rule 12(b)(1) challenge to our jurisdiction.

### B. Defendant's Rule 12(b)(1) Motion

The School District argues that, in the event that we cannot dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6), we should dismiss the amended complaint pursuant to Rule 12(b)(1) because we lack subject matter jurisdiction due to I.K.'s failure to exhaust his administrative remedies under the

IDEA.³

A court must dismiss a complaint if it lacks subject matter jurisdiction over the claims because without subject matter jurisdiction the court does not have the power to hear the case. Fed. R. Civ. P. 12(b)(1); Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Because subject matter jurisdiction is central to a court's authority, a court can raise issues of subject matter jurisdiction sua sponte at any time. Fed. R. Civ. P. 12(h)(3).

Challenges to subject matter jurisdiction may be facial or factual. Mortensen, 549 F.2d at 891. The former proceeds like a motion under Rule 12(b)(6), where a court accepts the allegations in the complaint as true. Id. In the latter, a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. Here, we must determine whether there is affirmative evidence in the record

---

³ Haverford also argues that, with regard to § 504 claims involving special education services, our Court of Appeals has decided that the exhaustion requirement applies to all claims for relief available under the IDEA, even if a claim arises under a different cause of action. MTD at 8. It also contends that § 504 claims require administrative exhaustion if a plaintiff is seeking relief that is also available under the IDEA. Id. We need not examine this argument as plaintiff does not dispute this point.

that supports our jurisdiction.  Because the Township presents factual evidence of I.K.'s failure to exhaust his administrative remedies, we will treat this motion as a factual challenge to our jurisdiction.

As the defendant's motion constitutes a factual challenge, the burden shifts to I.K. to prove that subject matter jurisdiction exists.  In reviewing a factual challenge to a Court's subject matter jurisdiction, a court is not confined to the allegations in the Complaint.  Instead, we may look beyond the Complaint to the evidence presented to determine whether we indeed have such jurisdiction.  Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (noting that "the court [is] not confined to allegations in the plaintiff's complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction"); Turicento, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).

I.K. did not exhaust his administrative remedies at the First Administrative Proceeding because his complaint was dismissed after the parties informed the Hearing Officer that they had reached a settlement.  But the Second Administrative Proceeding did not produce a decision on the merits of I.K.'s claims either because the Hearing Officer in the Second

Administrative Proceeding decided that (1) she could not overturn the decision of the first Hearing Officer, and (2) it was not within the jurisdiction of a Special Education Hearing Officer to determine whether there was an existing settlement agreement by virtue of the oral agreement between the parties. MTD, Ex. A at 2. More to the point, she did <u>not</u> make a decision "on substantive grounds based on a determination of whether the child received a free appropriate public education."

The only decision that Hearing Officer Valentini made over which we have jurisdiction to review was her finding that it was not within the jurisdiction of a Special Education Hearing Officer to determine whether there was an existing settlement agreement. Hearing Officer Valentini found that "[c]ontract disputes are not within the jurisdictional authority of a special education hearing officer." <u>Id.</u>

A few months ago, Judge Davis observed in <u>dicta</u> that whether a Hearing Officer has jurisdiction to enforce resolution agreements is still an open question in this Circuit. <u>Lyons v. Merrion Sch. Dist.</u>, No. 09-5576, slip. op. at 6 (E.D. Pa. Dec. 14, 2010). Judge Davis canvassed both sides of the issue before declining to opine on it. He noted, however, that "state educational agencies seem to consistently enforce settlement

agreements in school districts' favors to preclude parents from bringing particular due process complaints, without undertaking analyses of their own jurisdiction." Id. at 7.

We, too, will not decide this issue, but we find that it is within the jurisdiction of a Special Education Hearing Officer to determine whether a settlement agreement exists. Toward that end, I.K. provides case law from other circuits where the courts found that administrative hearing panels must decide in the first instance whether an enforceable settlement agreement exists. Pl. Resp. at 10 (citing State ex rel. St. Joseph Sch. Dist. v. Mo. Dep't of Elementary & Secondary Educ., 307 S.W.3d 209, 215 (Mo. Ct. App. 2010); J.P. v. Cherokee Cnty. Bd. of Educ., 218 Fed. App'x 911, 913-14 (11th Cir. 2007); J.M.C. v. La. Bd. Elementary & Secondary Educ., 584 F. Supp. 2d 894, 897 (M.D. La. 2008); Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ., No. 06-139, 2007 WL 2219352, at *10 (W. D. Mich. Jul. 27, 2007), aff'd, 615 F.3d 622 (6th Cir. 2010)).

Finally, if we see fit to grant defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), plaintiff requests that we not dismiss his case with prejudice, but rather remand the case to the Administrative Hearing Officer. Pl. Resp. at 11.

We find plaintiff's reasoning persuasive. Plaintiff

13

has failed to exhaust his administrative remedies with regard to obtaining a Hearing Officer's decision on "substantive grounds," and Hearing Officer Valentini was incorrect in finding that contract disputes are not within the jurisdictional authority of a Special Education Hearing Officer.  Certainly, it is within Hearing Officer Valentini's jurisdiction to determine whether a valid settlement agreement exists.  Thus, we will grant defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and remand this matter back to Pennsylvania Special Education Hearing Officer Valentini on the issue of whether a valid settlement agreement exists.

### C.   Defendant's Motion for Attorney's Fees

Haverford moves to recover from plaintiff's counsel its attorney's fees in defending itself in this matter.  Under the IDEA, a prevailing party may recover attorney's fees against the attorney of a parent who files a complaint or subsequent cause of action that is "frivolous, unreasonable, or without foundation." 34 C.F.R. § 300.517(a)(ii).  Haverford argues that because plaintiff's counsel filed an appeal to the First Administrative Proceeding out of time, the appeal to this Court from the Second Administrative Proceeding was frivolous and unreasonable.

Because we found a substantive issue upon which plaintiff could appeal, plaintiff's appeal was not frivolous or without foundation.  We will therefore deny Haverford's motion for attorney's fees.


                BY THE COURT:

                __\s\Stewart Dalzell